Filed 7/31/23  P. v. Esparza CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIO LEE ESPARZA,<br><br>    Defendant and Appellant. | C097359<br><br>(Super. Ct. No. CR64283) |

In September 2022, defendant Mario Lee Esparza pleaded no contest to one count of unlawfully driving or taking a vehicle.  One month later, the trial court sentenced defendant to the upper term sentence of three years.  On appeal, defendant argues this case must be remanded for resentencing because of changes made to Penal Code section 1170, subdivision (b) by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567), which became effective on January 1, 2022.  We conclude defendant forfeited his claim and will affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

The prosecution charged defendant with unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), receiving stolen property (Pen. Code, § 496d, subd. (a)),[1] and unlawful use of personal identifying information (§ 530.5, subd. (c)(1)).  In a September 12, 2022, change of plea hearing, defendant pleaded no contest to the unlawful driving or taking a vehicle count and the prosecution dismissed the other counts.  Before the sentencing hearing, the trial court reviewed the probation report, which detailed defendant's criminal history, including two felonies and prior prison terms.

At the October 10, 2022, sentencing hearing, defense counsel asked the trial court not to impose an upper term sentence, noting the mitigating circumstances.  First, defendant had resolved the case at an early stage.  Second, defendant was 26 years old at the time of the crime and should be considered a "youth offender. . . under the new statute."  Counsel acknowledged defendant's criminal history but argued the current crime was not as serious as defendant's previous crimes.  The court imposed the upper term sentence of three years, explaining, "The Court chooses the aggravated term because the defendant has a significant and increasingly serious prior record.  The present offense does not represent a single period of abhorrent behavior."

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant argues the case should be remanded for resentencing because of Senate Bill 567, which limits the circumstances under which a trial court may impose the upper term.  (§ 1170, subd. (b).)

Senate Bill 567, effective January 1, 2022, changed the requirements for considering aggravating factors in sentencing and altered trial courts' sentencing discretion under section 1170.  (Stats. 2021, ch. 731.)  Among other things, Senate Bill

---

[1]     Undesignated statutory references are to the Penal Code.

567 amended section 1170 to prohibit an upper term sentence unless the aggravating circumstances are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or established by a certified record of conviction. (§ 1170, subd. (b)(2), (3).) The amended section 1170 also establishes a presumption of the lower term if a defendant was a "youth" at the time of the offense and that status was a "contributing factor in the commission of the offense." (§ 1170, subd. (b)(6).) Under the statute, a youth is "any person under 26 years of age on the date the offense was committed." (§ 1016.7, subd. (b).)

Defendant argues the trial court erred because it imposed the upper term based on aggravating factors without a stipulation or proof beyond a reasonable doubt as to the facts supporting those factors. Defendant asserts the probation report was not a certified record establishing his prior convictions, nor were any other such records supplied to the court. Defendant also claims, as a 26 year old at the time of his crime, he was entitled to treatment as a youth offender. The People respond defendant's claim is forfeited because he failed to object when the court imposed the upper term sentence. We agree with the People.

The trial court sentenced defendant in October 2022, 10 months after Senate Bill 567 took effect. (Stats. 2021, ch. 731, eff. Jan. 1, 2022.) Both counsel and the court are presumed to know the applicable law. (See *People v. Thomas* (2011) 52 Cal.4th 336, 361; *People v. Barrett* (2012) 54 Cal.4th 1081, 1105.) Defense counsel made a passing reference to new legislation regarding sentencing youth offenders, although defendant, as someone who was not "under 26 years of age" at the time of the offense, would not qualify as a "youth." Counsel thus appears to have known of the amended statute, even if he was incorrect in its application. Defendant could have objected during the sentencing hearing that the court had not made sufficient factual findings to establish his prior criminal record or that the probation report was not a certified record of conviction adequate to prove that record. Defendant made no such objection.

3

Senate Bill 567 was in effect at the time of defendant's sentencing hearing and defendant did not raise Senate Bill 567 or its provisions at the hearing; he has therefore forfeited the argument on appeal.  (*People v. Scott* (1994) 9 Cal.4th 331, 351; *People v. Flowers* (2022) 81 Cal.App.5th 680, 683-684, review granted Oct. 12, 2002, S276237; *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)  We thus decline to reach the merits of defendant's claims.

DISPOSITION

The judgment is affirmed.


                                        /s/
                                    EARL, P. J.



We concur:



    /s/
MAURO, J.



    /s/
KRAUSE, J.

4